THE HONORABLE RONALD B. LEIGHTON

09-CV-05348-CNST

FILED ____ LODGED
____ RECEIVED
FEB 2 2 2010
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA
BY ____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

**COLUMBIA RIVERKEEPER**, a Washington non-profit corporation,

Plaintiff,

v.

**WAITE SPECIALTY MACHINE WORK, INC.**, a Washington corporation,

Defendant.

Case No. C09-5348 (RBL)

**CONSENT DECREE**

WHEREAS on April 9, 2009, Plaintiff Columbia Riverkeeper ("CRK") provided Defendant Waite Specialty Machine Work, Inc. ("Waite") with notice of CRK's intent to file suit (the "Notice Letter") pursuant to the Clean Water Act, 33 U.S.C. § 1365(b), regarding alleged past and continuing violations of the Clean Water Act ("CWA") for allegedly discharging pollutants into the Columbia River in violation of the terms of Waite's National Pollutant Discharge Elimination System ("NPDES") Industrial General Stormwater Permits, SO3000919D and SO3000920D ("NPDES Permits"), at two facilities owned by Waite located at 1356 Tennant Way, Longview, WA 98632 ("Tennant Way Facility") and 1160 Industrial Way, Longview, WA 98632 ("Industrial Way Facility") (hereinafter collectively "the Facilities").

CONSENT DECREE
Case No. 09-5348 (RBL)

Page 1

Bullivant|Houser|Bailey PC
300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon 97204-2089
Telephone: 503.228.6351

WHEREAS, CRK filed a Complaint for Declaratory and Injunctive Relief and Civil Penalties on June 12, 2009 against Waite alleging violations of the Clean Water Act, 33 U.S.C. §1251 et seq. related to discharges of stormwater and/or pollutants from the Facilities, seeking declaratory and injunctive relief, civil penalties, and attorney fees and costs ("Complaint"); and

WHEREAS, Waite denies CRK's claims and any liability for the alleged violations; and

WHEREAS, counsel for the parties to this action have engaged in discussions relating to the potential settlement of this litigation, and

WHEREAS, Waite has undertaken and is implementing measures to comply with its NPDES Permits and the Clean Water Act at the Facilities and has obtained a Certificate of No Exposure for its Tennant Way Facility; and

WHEREAS, CRK and Waite agree that settlement of these matters is in the best interest of the parties and the public, and that entry of this Consent Decree (this "Decree") without additional litigation is the most appropriate means of resolving these actions; and

WHEREAS, CRK and Waite, by their authorized counsel and without trial or final adjudication of the issues of fact or law, with respect to CRK's claims and/or allegations, consent to entry of this Decree to avoid the risks and costs of further litigation and to fully resolve the controversy between them.

NOW THEREFORE, without trial of any issue of fact or law, and upon consent of the parties, and upon consideration of the mutual promises contained in this decree, it is hereby

ORDERED, ADJUDGED AND DECREED as follows:

1. This Court has jurisdiction over the parties and subject matter of the action;

2. Each undersigned representative for the parties certifies that he or she is fully authorized by the party represented to enter into the terms and conditions of this Decree and

CONSENT DECREE
Case No. 09-5348 (RBL)

Page 2

Bullivant|Houser|Bailey PC
300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon 97204-2089
Telephone: 503.228.6351

to legally bind the parties.

3. This Decree shall apply to and be binding upon the parties and upon the parties' successors or assigns.

4. This Decree constitutes a full and complete settlement and release of all claims alleged in the Complaint and all other claims, known and unknown, that relate to the Facilities and could be asserted under the Clean Water Act pursuant to the Notice Letter and/or in the Complaint and up through and until entry of this Decree. CRK's release of its claims include releases of Waite and its successors, officers, directors, shareholders, employees, agents, attorneys and consultants, from any and all claims, causes of action, or liability under the Clean Water Act, or other federal, state, or common law, for damages, penalties, fines, injunctive relief, or any other claim or relief (i) relating to or resulting from alleged discharges or releases of pollutants from the Facilities occurring prior to the effective date of this Decree, (ii) any past violations of the NPDES Permits, and (iii) for any alleged past violations set forth in the Notice Letter. CRK reserves its rights with respect to all alleged violations of the Clean Water Act occurring at or related to the Facilities after the date of entry of this Decree.

5. This Decree shall not constitute evidence in any proceeding, an admission or adjudication with respect to any allegation of the Complaint, any fact or conclusion of law with respect to any matter alleged in or arising from the Complaint, or the admissions or evidence of any liability, wrongdoing or misconduct on the part of Waite or its officers, directors, shareholders, employees, representatives, agents, attorneys and consultants.

6. In full and complete satisfaction of CRK's claims, including those alleged in the Complaint and all other claims covered by this Decree, as described in Paragraph 4, Waite agrees to abide by the following terms and conditions:

    a. Waite's activities at the Facilities shall comply with the Clean Water Act and all terms and conditions of its existing NPDES Permits or any successor,

CONSENT DECREE
Case No. 09-5348 (RBL)

Page 3

Bullivant|Houser|Bailey PC
300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon 97204-2089
Telephone: 503.228.6351

modified, or replacement permits.

b. Waite will prepare an updated Stormwater Pollution Prevention Plan ("SWPPP") for the Industrial Way Facility in consultation with its stormwater consultant and will provide it to CRK by December 31, 2009.

c. Within ninety (90) days of the entry of this Decree, Waite shall make a payment in the amount of $10,000 to Ducks Unlimited for the Columbia River Initiative Project that is described in Attachment A to this Decree. The payment to Ducks Unlimited shall be made by check payable and mailed to: Mr. Steve Schmitt, Director of Development, Ducks Unlimited Pacific Northwest Office, 17800 SE Mill Plain Blvd., Suite 120, Vancouver, WA 98683. The check shall bear the notation "Columbia Riverkeeper v. Waite Specialty Machine Work, Inc., Clean Water Act Settlement" and Waite shall provide a copy of the check to CRK's counsel at the address below.

d. Within sixty (60) days of the entry of this Decree, Waite shall pay CRK's reasonable attorney fees and costs in the amount of $15,331.95 by check payable and mailed to CRK's counsel as set forth in Paragraph 12 of this Decree in full and complete satisfaction of CRK's claim for attorneys fees and costs under the Clean Water Act.

e. Waite shall provide copies of all future submissions by Waite to the Washington Department of Ecology ("Ecology") to CRK for a period of two (2) years from the date of this Decree, or until Waite sells the Industrial Way Facility, transfers the NPDES Permit SO3000920D, or is otherwise no longer covered by any Ecology NPDES permit.

f. Waite will submit in a single document Level One and Level Two Responses in accordance with the NPDES Permits, for zinc, copper and turbidity to Ecology by December 31, 2009 and will provide a copy to CRK.

CONSENT DECREE
Case No. 09-5348 (RBL)

Page 4

Bullivant|Houser|Bailey PC
300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon 97204-2089
Telephone: 503.228.6351

7. The Court shall retain jurisdiction over this matter and allow this case to be reopened without an additional filing fee for the purpose of enabling the parties to this Decree to apply to the Court for any further Order that may be necessary to construe, carry out, enforce compliance or resolve any dispute regarding the terms or conditions of this Decree. In the event CRK has reasonable grounds to believe that Waite is not in compliance with this Decree, CRK shall provide written notice to Waite describing the asserted noncompliance. Waite shall thereafter have fifteen (15) days to respond in writing describing any corrective action that has or will be taken or contesting the asserted violation. If no resolution is reached, the parties may resolve the dispute by filing motions with the Court.

8. The parties recognize that no consent judgment can be entered in a Clean Water Act suit in which the United States is not a party prior to forty-five (45) days following the receipt of a copy of the proposed consent judgment by the U.S. Attorney General and the Administrator of the U.S. EPA pursuant to 33 U.S.C. §1365(c)(3). Upon signing of this Decree by the parties, CRK shall serve copies of it upon the Administrator of the U.S. EPA and the U.S. Attorney General and seek all necessary approvals.

9. Waite shall comply with all requirements of this Decree within the time periods specified herein. If any event occurs that is outside of the reasonable control of Waite (a "force majeure event" as further defined below), which causes a delay in performing tasks required by this Decree, the delay shall not constitute a failure to comply with the terms of this Decree, provided that Waite has submitted written notification to CRK no later than fifteen (15) days after the date that Waite first concludes that such an event has caused or will cause non-compliance, describing the length or anticipated length of non-compliance, the precise circumstances causing non-compliance, the measures taken or to be taken to prevent or minimize the non-compliance, and a schedule for implementation of the measure to be taken. A force majeure event shall include the following, to the extent they

CONSENT DECREE
Case No. 09-5348 (RBL)

Page 5

Bullivant|Houser|Bailey PC
300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon 97204-2089
Telephone: 503.228.6351

are outside the reasonable control of Waite and cannot be overcome by diligence:

    A.    Acts of God, war, insurrection, or civil disturbance;

    B.    Earthquakes, landslides, fire, floods;

    C.    Actions or inactions of third parties over which Waite has no control;

    D.    Adverse weather conditions or unusual delay in transportation;

    E.    Restraint by court order or order of public authority; or

    F.    Strikes.

Provided that Waite complies with the notice provision of this paragraph, then in the event that Waite fails to comply or anticipates failing to comply with the requirements of this Decree because of a force majeure event, Waite's failure to comply, as described in the written notice to CRK under this paragraph, shall not be a violation of this Decree and shall not result in any liability or other sanctions. In such event, the milestone date(s) shall be extended for a reasonable period of time following the force majeure event.

10. This Decree shall take effect on the date it is entered by the Court. This Decree shall terminate upon completion of all obligations under it.

11. This Decree may be modified only upon the written consent of the parties and the approval of the Court.

12. If for any reason the Court should decline to approve this Decree in the form presented, this Decree and the settlement contained within shall be voidable at the sole discretion of either party. The parties agree to continue negotiations in good faith in an attempt to cure any objection raised by the Court to entry of this Decree.

13. Notifications or copies required by this Decree shall be made to:

<u>For Plaintiff</u>:
R. Scott Jerger
Field Jerger LLP
621 SW Morrison St., Suite 1225
Portland, Oregon 97205

CONSENT DECREE
Case No. 09-5348 (RBL)

Page 6

Bullivant|Houser|Bailey PC
300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon 97204-2089
Telephone: 503.228.6351

For Defendants:
John Ashworth
Bullivant Houser Bailey PC
888 S.W. 5th Ave., Suite 300
Portland, Oregon 97204-2089

With a copy to:

Steve Waite, President
Waite Specialty Machine Work, Inc.
1356 Tennant Way
Longview, Washington 98632

Dated and entered this 22 day of February, 2010.

By: _____
RONALD B. LEIGHTON
U.S. DISTRICT JUDGE

COLUMBIA RIVERKEEPER
Signature: Lauren Goldberg
Title: STAFF ATTORNEY
Date: 12/18/09

WAITE SPECIALTY MACHINE WORK, INC.
Signature: Steve R Waite
Title: President
Date: 12-21-09

CONSENT DECREE
Case No. 09-5348 (RBL)

Page 7

Bullivant|Houser|Bailey PC
300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon 97204-2089
Telephone: 503.228.6351

# ATTACHMENT A

# Ducks Unlimited – Lower Columbia River Initiative



In the North Pacific Flyway, Ducks Unlimited (DU) plans and implements habitat-based conservation projects within specific, well defined areas based on the requirements of waterfowl populations using the areas. Research conducted by DU on the caloric energy requirement of ducks and geese allows predictions of how much habitat is required to sustain waterfowl populations in these areas. In the last eight years, DU has restored or enhanced over 9,222 acres of wetlands or 16% of our Lower Columbia River Initiative goal.

This initiative includes habitat in NW Oregon and SW Washington – primarily conservation work along the lower Columbia River and Willamette River valley. Supporting an abundance of fish and wildlife, including globally significant waterfowl and salmon resources, the region is identified in multiple conservation planning efforts at the national and regional level, including: the North American Waterfowl Management Plan; documents produced by the Pacific Coast Joint Venture; and conservation strategies developed for both Washington and Oregon.

This area provides crucial fall staging and wintering habitat for priority species such as pintail, mallards and scaup. During the fall migration, tens of thousands of mallards, Northern pintail, American wigeon and green-winged teal gravitate to the region. The area also supports large numbers of tundra swans, canvasbacks, seven sub-species of Canada geese (including the dusky and cackling Canada goose both of which require special management and protection), Wrangel Island snow geese and the largest wintering population of greater scaup in the United States. In addition to the importance of the region to waterfowl, five species of Pacific salmon and steelhead (many of which are listed as Threatened or Endangered) rely on the floodplains and estuaries of the area.

Despite the region's ecological significance, it has been subjected to exploding urban growth and development. In addition, river alterations (channelization, maintenance dredging), forestry, agriculture and commercial development have destroyed much wetland and estuarine habitat, and degraded the quality of remaining habitat which has had increasingly significant impacts on wetlands and wetland-dependant species utilizing these areas.

Wetlands are nature's most productive ecosystems. They purify water for drinking and irrigation, help control flooding, provide recreational opportunities, and are vital habitat for over 900 species of wildlife. Ducks Unlimited and our partners are working to protect the best of what remains and to restore function to degraded areas that are most important to waterfowl and other wetland dependant wildlife species using the wetlands and associated upland habitats of the Lower Columbia River and Willamette Valley.

DU has several priority habitat projects in its Lower Columbia Initiative which would permanently protect 143 acres, restore 325 acres (70 of which will also be permanently protected through acquisition), and enhance 3,864 acres of wetlands and associated uplands in this important region.

Supplemental environmental project funds received by Ducks Unlimited would be used for wetland restoration in the lower Columbia River estuary portion of DU's Lower Columbia River Initiative. Specifically, the funds will be used at Ducks Unlimited's Steelman Lake Restoration Project located

on Sauvie Island, Oregon within the next 2-5 years.

Steelman Lake is the largest wetland system within the West Side Management Area of the Sauvie Island Wildlife Area, owned and managed by the Oregon Department of Fish and Wildlife. A natural levee separates Steelman Lake from Sturgeon Lake, and is in need of flood damage repair. Without repair, the levee will breach, and the lake will drain. Worse, connection with Sturgeon Lake will allow Carp to destroy the aquatic vegetation of the lake, rendering it sterile. Given the agricultural nature of the surrounding the landscape, the enhancement actions will provide a mechanism (by maintaining the separation from Sturgeon Lake and thus protecting the aquatic vegetative community) to reduce any phosphorus or nitrogen inputs that would otherwise move directly into the lower-Columbia system. This enhancement will involve shallow excavation and compacted fill to repair the levee to enhance 500 acres of wetlands.

Steelman Lake is a locally significant brood production wetland, producing several thousand waterfowl each year. In addition, the lake is also heavily used by wintering and migrating waterfowl such as Northern pintails, mallard, American wigeon, green-winged teal, canvasbacks, ring-necked ducks, scaup, six subspecies of Canada geese, white-fronted geese, Wrangel Island snow geese, sandhill cranes, and tundra trumpeter swans.





PACIFIC NORTHWEST FIELD OFFICE
17800 SE Mill Plain Boulevard, Suite 120
Vancouver, WA 98683
(360) 885-2011 Fax (360) 885-2088
www.ducks.org

December 21, 2009

Mr. Scott Jerger
Field Jerger LLP
621 Morrison, Suite 1225
Portland, OR 97205

Dear Mr. Jerger,

Ducks Unlimited has read the proposed Consent Decree (Case No. C90-5348 (RBL)). Settlement funds received by Ducks Unlimited for the proposed judgment will be spent for the purposes specified in the judgment. The funds will be used to support Ducks Unlimited's Columbia River Initiative and the project as outlined in the Attachment A of the draft Consent Decree.

Ducks Unlimited will not use any funds received from the proposed consent judgment for political lobbying activities. After the project is complete, Ducks Unlimited will submit to the Court, the United States and the parties a letter describing how the SEP funds were spent.

Sincerely,

Steve Schmitt
Director of Development, Pacific Northwest